CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 24 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| FAHED T. TAWALBEH, | ) | Civil Action No. 7:00cv00858 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| UNITED STATES OF AMERICA | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

Fahed T. Tawalbeh, a federal inmate proceeding *pro se*, filed a motion (Docket No. 27) pursuant to Rule 60(b) of the Federal Rules of Civil Procedure seeking to vacate this court's February 22, 2002 order denying his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The court finds that Tawalbeh's instant motion is, for all intents and purposes, an unauthorized, successive § 2255 motion and, therefore, dismisses it without prejudice.

I.

In 1998, after a jury trial, the court convicted Tawalbeh of several of several offenses arising out of the burning of a competitor's store with a "Molotov Cocktail." Tawalbeh appealed and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. In 2000, Tawalbeh filed a § 2255 motion, which the court dismissed. See Civil Action No. 7:00cv00858 (dismissed Feb. 22, 2002). In 2007, Tawalbeh filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which the court construed and dismissed as a successive § 2255 motion. See Civil Action No. 7:07cv00145 (dismissed Apr. 9, 2007). On July 11, 2012, Tawalbeh filed the instant motion in his 2000 closed § 2255 action, arguing that the court should vacate its order dismissing his § 2255 action because Tawalbeh has discovered new evidence and there has been a substantive change in the law.

## II.

The Federal Rules of Civil Procedure, including Rule 60(b), govern civil actions filed in federal district courts. "Such rules, designed to govern litigation of civil actions, do not and cannot provide authority for attacking or overturning a criminal judgment." United States v. Merica, Nos. 5:04CR00015, 5:11CV80375, 2011 U.S. Dist. LEXIS 144998, 2011 WL 6325881, at *2 (W.D. Va. Dec. 16, 2011); see also United States v. Bernier, 421 F. App'x 292, 293 (4th Cir. 2011) ("The Federal Rules of Civil Procedure do not provide a vehicle by which [a defendant] may challenge his criminal judgment."). To this end, a "Rule 60(b) motion that seeks to revisit a judgment dismissing a § 2255 action as without merit should be dismissed as a successive habeas petition to prevent defendants from using such a motion to circumvent the rule against successive § 2255 actions in § 2255(h)." Merica, 2011 U.S. Dist. LEXIS 144998, 2011 WL 6325881, at *2 (citing Gonzalez v. Crosby, 545 U.S. 524, 531-32 (2005)). "Similarly, a motion which seeks to advance one or more substantive claims allegedly omitted from the initial § 2255 motion or to submit new evidence or argument in support of a claim raised in the prior § 2255 motion must also be construed and dismissed as a new, successive § 2255 motion." Id. (citing Gonzalez, 545 U.S. at 531-32). However, not all Rule 60(b) motions may be construed as a successive § 2255 motion. More specifically, when a Rule 60(b) motion attacks the collateral review process in a § 2255 proceeding (a civil proceeding), as opposed to the substance of the federal court's resolution of a claim on the merits, then the motion may not be construed as a successive § 2255 motion. Gonzalez, 545 U.S. at 532; United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003).

Tawalbeh advances two arguments in his Rule 60(b) motion, neither of which allege a defect in the civil collateral review process. Instead, both of his arguments either address the

2

merits of his prior § 2255 claims or were omitted from his prior § 2255 claims. Under either scenario, and regardless of "[w]hatever title or twist [Tawalbeh] attaches to his current motion, it is clear that his intention is to obtain relief from the criminal judgment against him." Merica, 2011 U.S. Dist. LEXIS 144998, 2011 WL 6325881, at *2. As such, Rule 60(b) of the Federal Rules of Civil Procedure fails to supply him with the authority for the remedy that he seeks in this criminal action. Tawalbeh's Rule 60(b) motion must, therefore, be construed by this court as a successive § 2255 motion.

This court may consider a successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. 28 U.S.C. § 2255(h). As Tawalbeh has not submitted any evidence of such certification by the Court of Appeals,[1] the court must dismiss the instant § 2255 motion as successive.[2]

### III.

For the reasons stated, the court construes Tawalbeh's motion as a § 2255 motion and dismisses it as successive.

**ENTER**: This 2 4th day of July, 2012.

_United States District Judge_

---

[1] In fact, this court received notice on March 31, 2008 that the United States Court of Appeals denied Tawalbeh's request for permission to file a successive § 2255 motion. See Docket No. 26.
[2] Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.

3

Case 7:00-cv-00858-SGW Document 28 Filed 07/24/12 Page 3 of 3 Pageid#: 23